# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 774 | **DATE** | 5/20/2002 |
| **CASE TITLE** | Macchione vs. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The petitioner's petition to vacate, set aside, or correct his sentence under 28 U.S.C. Section 2255 is denied and the case is terminated. Petitioner's motion for stay is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | MAY 2 1 2002 date docketed | |
| | Notified counsel by telephone. | | | 19 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 5/20/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |


MAY 2 1 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN P. MACCHIONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 02 C 774 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

John Macchione was convicted by a jury of one count of mail fraud and three counts of tax evasion related to a scheme to defraud Uno-Ven, a company that employed his co-defendant Richard Rice, out of more than a million dollars. I sentenced him to 37 months imprisonment, reflecting an offense level of 21, which was the result of grouping of the mail fraud and tax evasion counts under U.S.S.G. § 3D1.2. Unhappy with the performance of his trial counsel, Mr. Macchione retained new counsel and filed a notice of appeal. The government filed a cross-appeal on the § 3D1.2 grouping issue. Mr. Macchione's appellate counsel considered the relative merits of the two appeals and advised his client to dismiss his appeal in exchange for government dismissal of the cross-appeal. Mr. Macchione dismissed his appeal, and instead filed this petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, raising eight grounds for relief. I deny the petition.

I. Procedural Default

A § 2255 petition is not a substitute for a direct appeal. *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Thus claims not raised on direct review are barred from collateral view unless the petitioner can demonstrate cause and prejudice for the failure to raise the claims on direct appeal. *Bond v. United States*, 1 F.3d 631, 634 (7th Cir. 1993). As with every rule, of course, there are exceptions. For example, Mr. Macchione's challenge to the indictment is not subject to procedural default because it rases a jurisdictional question, *see United States v. Smith*, 669 F. Supp. 177, 178 (N.D. Ill. 1987) (Plunkett, J.), and "a jurisdictional defect cannot be procedurally defaulted." *Kelly v. United States*, 29 F.3d 1107, 1113 (7th Cir. 1994). Nonetheless, this claim is frivolous. He claims that the special grand jury that indicted him, convened under 18 U.S.C. § 3331, lacked the authority to do more than investigate, but it is well-settled that special grand juries under § 3331, like grand juries convened under Rule 6 of the Federal Rules of Criminal Procedure, have the authority to indict as well as investigate. *See United States v. Koliboski*, 732 F.2d 1328, 1330 (7th Cir. 1984).

Another exception to the general rule of procedural default is ineffective assistance of trial counsel. Such a claim has little chance of success on direct appeal because it usually depends on evidence outside the trial record. *See Guinan v. United States*, 6

F.3d 468, 471 (7th Cir. 1993). Nonetheless, "if a defendant postpones raising the issue of ineffective assistance of counsel until the collateral stage he must have a valid reason for the postponement." *Id.* at 472. The Seventh Circuit has noted three valid reasons: (1) that the defendant was represented by the same counsel at trial and on appeal; (2) that the claim could not be developed with facts outside the trial record; or (3) "that at the time of taking the appeal it had reasonably appeared that new evidence might be necessary, though it has since become apparent that the trial record itself was the only evidence that could be presented in support of the claim." *Id.* So long as at least one of the petitioner's claims meets one of these requirements, he is entitled to wait and bring *all* of his ineffective assistance of trial counsel claims together in one collateral proceeding. *Id.* at 473. Mr. Macchione claims that his trial counsel was ineffective at three stages of his defense: trial, post-trial hearings, and sentencing. He submits extrinsic evidence in support of his claim that his counsel was ineffective at trial, so he may raise all of his claims for ineffective assistance of trial counsel in his § 2255 motion, *see id.*, and I consider them on their merits.

II. Ineffective Assistance of Trial Counsel

A petitioner claiming that his counsel was constitutionally ineffective must "demonstrate that his counsel's performance fell below an objective standard of reasonableness," and "that he was

3

prejudiced by the deficient performance." *Hough v. Anderson*, 272 F.3d 878, 890 (7th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Reasonableness is measured according to prevailing professional norms and under the totality of the circumstances, and "to prevail, the [petitioner] must overcome the presumption that the challenged act or omission might have been considered sound trial strategy." *Id.* at 890-91. To demonstrate prejudice, the petitioner must "show that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different." *Id.* at 891. If the petitioner makes an insufficient showing on either prong of the test, I need not consider the other prong. *Id.* at 890.

Mr. Macchione claims that his counsel was ineffective at trial because he failed to examine discovery made available by the prosecution.[1] The discovery to which he points in his petition supposedly consists of six offers of discovery by the government that his lawyer allegedly declined. The evidence to which he cites, however, is a list six occasions when the government *sought* discovery *from* Mr. Macchione's attorney. *See* Ex. A. He also identifies a chart that he says represents checks documenting legitimate transactions by his business, JS Industrial, *see* Ex. B,

---

[1] He also raises a number of other alleged deficiencies of his trial (and appellate) counsel, but he does so in reply, so these claims are waived. *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998).

4

and says that his lawyer ought to have introduced it at trial. The decision to introduce specific pieces of evidence at trial is a strategic or tactical decision that should not be second-guessed. *See Lowery v. Anderson*, 225 F.3d 833, 843 (7th Cir. 2000). The government does not offer any explanation for why this evidence was not introduced, but even if it was deficient, there was overwhelming evidence that JS Industrial had little or no business other than its transactions with Uno-Ven. Mr. Macchione's evidence of allegedly legitimate transactions would not have eroded the strength of the government's case, which included evidence of more than 130 fraudulent orders, so he was not prejudiced.

He also claims that Mark Graf, Tim Keane, Jim Alayon, Ed Orlan, Joanne Macchione, and Richard Rice, if interviewed and called by his attorney, would have testified that JS Industrial was a legitimate business. "A lawyer's decision to call or not to call a witness is a strategic decision generally not subject to review." *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir.1997). Mr. Macchione submits an affidavit from Graf describing delivery of a load of supplies, but one supposedly legitimate transaction would not have had any effect on the verdict against the weight of the evidence of fraudulent orders. He does not identify the specific testimony that Keane, Orlan, or Alayon would have offered, but presumably they would have testified that JS Industrial was a legitimate business that produced and sold actual products. Even if

5

this testimony had been offered, however, the evidence that most of the transactions with Uno-Ven were fraudulent was overwhelming, so there is no reasonable possibility that their testimony would have changed the outcome. The decision not to call Mr. Macchione's wife was sound trial strategy "because family members can be easily impeached for bias." *Bergmann v. McCaughtry*, 65 F.3d 1372, 1380 (7th Cir. 1995). Nor was the failure to call Mr. Rice, Mr. Macchione's co-defendant, deficient performance. Mr. Rice exercised his Fifth Amendment right not to testify at the trial, and regardless of his willingness to exculpate Mr. Macchione now, Mr. Macchione could not have forced Mr. Rice to testify in their joint trial. *United States v. Echeles*, 352 F.3d 892, 898 (7th Cir. 1965).

Mr. Macchione also says that his lawyer should have prepared Mr. Macchione to testify and called him to the stand at trial. However, it is not ineffective assistance to recommend that a defendant not testify when it would subject him to damaging impeachment. *Milone v. Camp*, 22 F.3d 693, 705 (7th Cir. 1994). Likewise, the decision not to provide Mr. Macchione's version of the offense for sentencing purposes was not deficient; denial of a downward departure for acceptance of responsibility was a foregone conclusion once Mr. Macchione had gone to trial and put the government to its burden, but Mr. Macchione's testimony, denying his role in the scheme, might have opened him up to an enhancement for obstruction of justice. Mr. Macchione also says that his

6

attorney should have introduced evidence at sentencing that he had incurred costs of $751,000 in supplying goods to Uno-Ven and that his restitution should have been reduced by this amount, but this was contrary to the evidence at trial that the loss to Uno-Ven actually exceeded $1 million. Any evidence he might have introduced would not have had an effect on the amount of restitution for which he was responsible.

Finally, he argues that his attorney rendered ineffective assistance at post-trial hearings relating to alleged comments made to jurors by the court security officer. Before the hearings, I asked the parties to submit questions to me, which I then asked the witnesses. Mr. Macchione says that his counsel should have objected to this format, but that is a matter within my discretion under Federal Rule of Evidence 611(a), and any objection would thus have been fruitless. "Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996). For the same reason, Mr. Macchione's counsel was not ineffective for failing to file a memorandum of law in support of an oral motion for recusal that has already been denied. Mr. Macchione also faults his attorney for failing to propound questions about a juror's understanding of the alleged statement and about comments or statements by any other jurors, but I had already asked the witness about these matters. Transcript of June 22, 2000, Hearing at 11,

7

12, 14, 16. His counsel did not insist on questioning the rest of the jury and did not seek mandamus after my denial of the recusal motion, but Mr. Macchione has not rebutted the strong presumption that these decisions were the result of a sound trial strategy. Accordingly, he cannot demonstrate that his trial counsel was constitutionally ineffective.

III. Ineffective Assistance of Appellate Counsel

Mr. Macchione's claim for ineffective assistance of appellate counsel obviously could not have been raised on direct appeal, so it is not procedurally defaulted. However, there is no reason why his remaining claims—failure to recuse under 28 U.S.C. 455, and jury tampering—could not have been raised on direct appeal, so they are procedurally defaulted. *See McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). The only basis offered by Mr. Macchione for excusing the procedural bar is the ineffectiveness of his appellate counsel, which thus serves double duty as a substantive ground for relief and a gateway through procedural bar of his remaining claims. *See Barnhill v. Flannigan*, 42 F.3d 1074, 1078 (7th Cir. 1994).

Appellate counsel advised Mr. Macchione that, if he pursued his appeal, he risked losing and being sentenced to a minimum of 9 more months on remand (nearly twenty-five percent of his original sentence). He also advised Mr. Macchione that abandonment of his appeal could lead to default of some of his claims in a § 2255

petition. Mr. Macchione signed a form acknowledging and consenting to his attorney's motion to dismiss his appeal, in which he stated that "I concur in my attorney's decision and hereby waive all rights to object or raise any points on appeal," to which he added "except as per attorney," whatever that means. The Seventh Circuit, faced with an identical acknowledgment, has treated issues that could have been raised not as defaulted, but as affirmatively waived. See Johnson v. United States, 838 F.2d 201, 203-04 (7th Cir. 1988) ("Our case involves a considered waiver, not a default. It should be harder to rescind a conscious choice than to recoup from an unconsidered omission."). The court applied an "involuntariness" standard that it said was more exacting than the traditional "cause and prejudice" standard applied to procedural default. Id. at 204. Where there has been no government interference with the petitioner's decision to abandon an appeal, "a decision may be voluntary even if poorly considered, [if] it is 'the product of a free and deliberate choice rather than intimidation, coercion, or deception.'" Id. The court noted that the defendant's "choice was impelled by the attractiveness of an opportunity and not the terror of the alternative. That is all the difference in the world." 838 F.2d at 204-05. Mr. Macchione might have argued that the government cross-appeal was a "tactic[] that would deprive his decision of its voluntary quality," id., but he did not. Instead, he argues that his appellate lawyer duped him

9

into surrendering his appeal on incompetent and constitutionally deficient advice because, he believes, there is no way that the government could have won its cross appeal and sought a higher sentence.

The standard for ineffective assistance of counsel on appeal is the same as at trial—deficient performance and prejudice—so the question is whether it was reasonable to abandon an appeal in light of the government's cross-appeal on the sentencing issue. Mr. Macchione argues that the government's appeal was an "empty trick bag" that had no chance of success because I had not granted any downward departures and I had not grouped his offenses, so there would be no basis for an increased sentence on remand. He is wrong; although I did not grant any downward departures, I did group his tax evasion and mail fraud claims. I concurred with the recommendations of the presentence investigation report ("PSI"), see Judgment at 6, in which the probation officer recommended grouping the tax evasion counts, under U.S.S.G. § 2T1.1, and the mail fraud count, under U.S.S.G. § 2F1.1, pursuant to U.S.S.G. § 3D1.2(c).

Guideline § 3D1.2 provides for grouping of "[a]ll counts involving substantially the same harm." The PSI recommended grouping the tax and fraud offenses under § 3D1.2(c) because the fraud count served as a specific offense characteristic in the guideline applicable to the tax evasion counts. PSI at 13. The

10

Seventh Circuit has not addressed the grouping of tax evasion and fraud offenses under § 3D1.2(c), although it has indicated that, because the crimes have different victims, they should not be grouped under § 3D1.2(a), *see United States v. Johnson*, 117 F.3d 1010, 1014 (7th Cir. 1997) ("[T]he primary victims were different in the two cases. . . . Mail fraud and tax evasion would seem in most cases to involve different harms . . . ."), or § 3D1.2(d), *see United States v. Dantuma*, 165 F.3d 33, 1998 WL 567939, at *5 (7th Cir. Aug. 18, 1998) (unpublished order) ("While it is true that [defendant's] bankruptcy [fraud] and tax [evasion] counts are of the same general type because the offense level for each 'is determined largely on the basis of the total amount of the loss,' [defendant's] offenses do not 'otherwise meet the criteria for grouping'" because they "involve different victims."). Furthermore, two other circuits have specifically rejected grouping of mail fraud and tax evasion counts under § 3D1.2(c) on the grounds that it effectively eliminates any punishment for tax evasion. *See United States v. Vitale*, 159 F.3d 810, 814 (3d Cir. 1998); *Weinberger v. United States*, 269 F.3d 346, 354-55 (6th Cir. 2001). *See also United States v. Morris*, 229 F.3d 1145, 2000 WL 1260162, at *1 (4th Cir. Sept. 6, 2000) (unpublished order) (citing *Vitale*). One court in this district has rejected the Third Circuit approach and followed the Sentencing Commission's recommendation that tax evasion always be grouped with the underlying offense. *See United*

States v. McCandless, NO. 90 CR 87-15, 1992 WL 332304, at *3 (N.D. Ill. Nov. 6, 1992) (Williams, J).

There is at least room for reasonable minds to differ on the propriety of grouping the tax evasion and mail fraud counts, so advising that the government had a good chance of winning its cross-appeal, even if erroneous (and I do not decide here that it was), was not unreasonable in light of case law in this or other circuits. Mr. Macchione's appellate counsel evaluated his client's claims and found them weak overall. The Seventh Circuit has indicated that it is not deficient performance to decide not to appeal where there is a "threat of a sentence-enhancing remand that might make the risks of an appeal outweigh its potential benefits." Howard v. Gramley, 225 F.3d 784, 791 (7th Cir. 2000). These considerations were communicated to Mr. Macchione by his appellate counsel, and Mr. Macchione concurred that the risk of another nine months in prison was not worth pursuing his appeal. Even if this was an unreasonable error, Mr. Macchione cannot establish prejudice because, as I have already determined, his claims for ineffective assistance of trial counsel had no reasonable possibility of success. His counsel was not ineffective for recommending that he drop his appeal. Mr. Macchione also claims that his appellate counsel "was conflicted when he learned that the primary basis of Petitioner's appeal was ineffective assistance of [trial] counsel Lopez." Petition at 4. However, he has provided insufficient

support for his claim that a conflict existed, and this is a matter on which he bears the burden of proof. *See United States v. Pergler*, 233 F.3d 1005, 1009 (7th Cir. 2000) (defendant failed to provide proof of conflict of interest to overcome presumption of competent and conflict-free counsel). Thus his claim of ineffective assistance of appellate counsel fails both on its merits and as a means of overcoming the procedural bar to raising his remaining claims that were not raised on direct appeal. His petition is DENIED.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: May 20, 2002